IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 2 2011

CLERK, U.S. DISTRICT COURT
by_____
         Deputy

| | | |
|---|---|---|
| EUGENE FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-279-A |
| | § | |
| SELECT ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant,
Select Energy Services, LLC, to dismiss the amended complaint of
pro se plaintiff, Eugene Flores, pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure.[1]  Plaintiff filed a response,
titled a "rebuttal."  Having considered defendant's motion,
plaintiff's response, plaintiff's amended complaint, and
applicable legal authorities, the court concludes that the motion
should be granted.

---

[1] Plaintiff filed his original complaint on April 27, 2011, to which defendant responded with a
motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The court denied
the motion and gave plaintiff an opportunity to replead.  Plaintiff on August 22, 2011, filed his amended
complaint, which is the subject of the instant motion to dismiss.

I.

<u>Plaintiff's Amended Complaint</u>

Plaintiff in the amended complaint alleged the following:

On or about February 20, 2011, plaintiff notified his supervisor, Joe Mendoza ("Mendoza"), that he was going to look for work closer to where he lived; however, at Mendoza's request, plaintiff agreed to work an additional two weeks.  On March 7, 2011, Mendoza called to ask if plaintiff was coming to work. Plaintiff mentioned that his two-week notice was up, but he agreed to work one more week.  Plaintiff had apparently applied for employment with a company called SNL but was waiting to hear from them.

On or about February 25, 2011, plaintiff had filed a daily truck inspection report complaining about the "ABS warning [l]ight on [t]ruck no. 122" that would intermittently light up. Pl.'s Am. Original Compl. at 3.  On March 9, 2011, plaintiff was involved in an accident while driving one of defendant's vehicles.  Mendoza was notified, and plaintiff also notified manager Danny Vorte and "Safety Jim Cox." <u>Id.</u>  Plaintiff took an alcohol and drug test, which was negative.

2

As it pertains to his termination, the amended complaint

alleged:

> On **March 10, 2011**[,] Safety Mr. Jim Cox, DOT manager
> Kristeena Johnston and Bridgeport manager Danny Vorte,
> conspired and fired Plaintiff without notifying [sic]
> of the Action. **Afterwards they altered the reference
> report** and had Ms[.] Claudette Robinson [p]ublish &
> forwarded to third party SNL.

Id. (emphasis in original).  Plaintiff then learned that SNL

would not hire him.  The first reference from defendant to SNL

was **"Negative and False."**  Id. at 5 (emphasis and capitalization

in original).  The reference from defendant to SNL reflected that

plaintiff had been fired, and mentioned the accident and that

plaintiff was at fault.  "A 28 year's [sic] old white male was

hired with less experience as a replacement."  Id.  Plaintiff

applied to another company; defendant's references to that

prospective employer indicated plaintiff had left his employment

voluntarily.  However, that company also did not hire plaintiff.

In the amended complaint, plaintiff alleged claims and

causes of action against defendant for age discrimination and

retaliation in violation of the Age Discrimination in Employment

Act ("ADEA") and 42 U.S.C. § 1981, "libel defamation," id. at 11,

gross negligence and breached duty of care, "negligent acts," id.

3

at 13, and racial discrimination and retaliation under 42 U.S.C.
§ 1981.

## II.

### Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted). Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings. See Ashcroft v. Iqbal,
556 U.S. ---, 129 S. Ct. 1937, 1950 (2009) ("While legal

4

conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

III.

## Application of Law to Facts

As to plaintiff's claim for age discrimination, defendant essentially argues that the amended complaint is deficient because plaintiff has failed to plead all the elements of a prima facie case. The prima facie analysis commonly used in employment discrimination cases "is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511

(2002).  Plaintiff is thus not required to plead a <u>prima</u> <u>facie</u> case to survive a motion to dismiss.[2]  Nevertheless, the court agrees with defendant that the amended complaint still fails to allege sufficient facts to suggest a claim for age discrimination that is plausible on its face.

The sum of the factual allegations in the complaint are that plaintiff gave his two-week notice; at the end of the two weeks, he agreed to work an additional week at defendant's request; during that week he had an accident while driving a vehicle owned by defendant; and his employment ended.[3]  These factual allegations do not even raise plaintiff's age discrimination claim up to the speculative level.  While the amended complaint makes the legal conclusion that defendant discriminated against plaintiff because of his age, the factual allegations fail to support these conclusions, and instead appear to be nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  <u>Iqbal</u>, 129 S. Ct. at 1949.

_____

[2]The amended complaint contains a number of references that indicate plaintiff voluntarily ended his employment with defendant.  For example, plaintiff alleged that he gave his notice but agreed to work two more weeks, Am. Compl. at 3; alleged his supervisor had told others plaintiff was quitting, <u>id.</u> at 4; and alleged that other truck drivers knew he left employment voluntarily, <u>id.</u> at 6, making it unclear if plaintiff has even alleged an adverse employment action.

[3]Statements in the amended complaint seem to indicate that defendant did not tell plaintiff he had been fired.  He also alleged that he was "constructively discharged."  Am. Compl. at 16.

The amended complaint contains no factual allegations as would support a claim of retaliation on the basis of age. Plaintiff has alleged nothing in the complaint that could be construed as protected activity of any kind.   The allegation of retaliation is nothing more than an unsupported legal conclusion.

The same is true for plaintiff's claims of discrimination and retaliation on the basis of race.   Indeed, the only facts alleged that pertain in any way to race concern other employees. For example, the amended complaint alleged that other Hispanic employees have ceased working for defendant due to changes in company policy.   The amended complaint contains only "labels and conclusions," insufficient to support a claim of race discrimination.

The court reaches the same conclusion as to plaintiff's state law claims of "libel defamation" and gross negligence. Plaintiff cites the elements as to each of these causes of action in the amended complaint; missing, however, are any facts to suggest anything beyond a "sheer possibility that [] defendant has acted unlawfully."   Id.   For example, as far as the court is able to discern, the amended complaint does not allege that plaintiff suffered any injury--an allegation necessary to sustain

a claim of gross negligence.  It is unclear exactly what claim plaintiff is attempting to bring under the heading "negligent acts."  It does not appear to be a reiteration of his gross negligence claim.  Rather, it appears plaintiff is attempting to state a claim pertaining to violations of the Federal Motor Carrier Safety Administration regulations.  The court has no information as to whether such a claim is viable and if it is, whether plaintiff has pleaded sufficient facts to allege any such claim.  However, because plaintiff has failed to allege that he suffered any injury due to defendant's alleged negligent acts, the court is dismissing this claim as well.

The court is mindful that allegations of <u>pro</u> <u>se</u> parties are to be liberally construed.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  Even with a generous reading of the amended complaint, however, the court finds only conclusory allegations, lacking in factual support, that are insufficient to state any claim for relief.

IV.

<u>Order</u>

Therefore,

The court ORDERS that defendant's motion to dismiss be, and

8

is hereby, granted, and that all claims and causes of action filed by plaintiff, Eugene Flores, against defendant, Select Energy Services, LLC, be, and are hereby, dismissed with prejudice.

SIGNED September 22, 2011.

_____
JOHN McBRYDE
United States District Judge